**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**GREGORY ALLEN PEET, SR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-60-JHM**

**TROOPER DERRAL GENE REDWINE et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Allen Peet, Sr., filed the instant *pro se* action on his own paper proceeding *in forma pauperis*. He sues Kentucky residents Troopers Derral Gene Redwine and T. Bloodworth, Judge Todd S. Jones, Probation and Parole Officer Ricky Harris, and "McCracken County Jail Officials," as well as "Kentucky Probation and Parole." He also sues Unnamed Montgomery County, Tennessee, Sheriff's Officer and Montgomery County, Tennessee, Jail Officials.

Plaintiff's Kentucky claims arise from being treated as though he was required to register as a sex offender even though, according to Plaintiff, his obligation to register as a sex offender expired in 2012. According to Plaintiff, Kentucky failed to notify him of the expiration of his obligation "or provide a removal process," thus creating a false appearance of an ongoing legal obligation. In 2023, Defendant Harris incorrectly entered Plaintiff's address and then swore an affidavit stating that Plaintiff knowingly provided false information, as did Defendant Redwine, and Judge Jones signed a warrant for his arrest.

Plaintiff further alleges that he was stopped and arrested on the "false" warrant in Montgomery County, Tennessee, in October 2025. He was taken to the Montgomery County Jail where he was held on a $250,000 fugitive bond and was denied the ability to communicate with

his family. He was then transferred to the McCracken County Jail where he had to sleep on the floor, exposed to gang activity and threats, and denied the ability to communicate with this family.

Plaintiff alleges that Kentucky Probation and Parole violated his constitutional rights in their policies and customs and failure to train regarding Kentucky's Sex Offender Registry and the Kentucky State Police violated his rights with regard to a custom or policy of relying on a false warrant. He alleges violations of the Fourth (unreasonable seizure and false arrest), Eighth (excessive bail), and Fourteenth (due process) Amendments 42 U.S.C. 1983 and Kentucky law (false imprisonment and conditions of confinement).

**I.**

Federal Rule of Civil Procedure 20 states in relevant part,

> Persons . . . may be joined in one action as defendants if:
>
> (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 661 (2009) (internal quotation marks and cite omitted).

After reviewing Plaintiff's complaint, the Court concludes that Plaintiff's claims against the Montgomery County, Tennessee, Defendants do not arise out of the same transaction or occurrence as the Kentucky Defendants. His complaint regarding the Montgomery County

Defendants involves alleged false arrest, holding him for excessive bail, and denying him the ability to communicate with his family while he was in the Mongomery County Jail. His claims against the Kentucky Defendants involve falsifying information and affidavits, jail conditions at McCracken County Jail, and alleged problems with Kentucky's Sex Offender Registry and how employees are trained to implement it. Therefore, Plaintiff's claims arise from the alleged actions or inactions of each group of Defendants at different times and at different locations.

Having concluded that the Montgomery County, Tennessee, Defendants have been improperly joined, the Court must decide on an appropriate remedy. Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

"Rule 21 gives the court discretion to make three types of orders. The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'" 4-21 Moore's Federal Practice-Civil § 21.02 (internal quotation omitted). "Severance under Rule 21 results in separate actions." *Id.* at § 21.06. "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances . . . . Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Id.*

After carefully considering the issues and weighing its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against the Montgomery County, Tennessee, Defendants and then transfer them to the

Middle District of Tennessee, the judicial district in which Montgomery County is located, *see* 28 U.S.C. § 123(b), and where venue over those claims is most appropriate. *See* 28 U.S.C. § 1404(a).

**II.**

For the foregoing reasons, **IT IS ORDERED** that the claims against the following Defendants are **SEVERED**: "Unnamed Montgomery County Sheriff's Officer" and "Montgomery County Jail Officials."

The Clerk of Court is **DIRECTED** to terminate "Unnamed Montgomery County Sheriff's Officer" and "Montgomery County Jail Officials" as parties to this action.

Pursuant to Rule 21, **the Clerk of Court is DIRECTED** to open a new civil action with the complaint (DN 1) as the complaint and "Unnamed Montgomery County Sheriff's Officer" and "Montgomery County Jail Officials" as Defendants in the new action. The instant Memorandum Opinion and Order shall be docketed in the new action as well.

The **Clerk of the Court is FURTHER DIRECTED** to **TRANSFER** the newly opened action to the United States District Court for the Middle District of Tennessee, Nashville Division.

Date: September 8, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009