**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**GREGORY ALLEN PEET, SR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-60-JHM**

**TROOPER DERRAL GENE REDWINE et al.** **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

Plaintiff Gregory Allen Peet, Sr., filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this case will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF ALLEGATIONS

Plaintiff sues Kentucky State Troopers Derral Gene Redwine and T. Bloodworth, McCracken Circuit Court Judge Todd S. Jones, Probation and Parole Officer Ricky Harris, Kentucky Probation and Parole, and "McCracken County Jail Officials." Judge Jones is sued in his official capacity only. Defendants Redwine, Bloodworth, and Harris are sued in both their individual and official capacities.

Plaintiff's claims arise from being required to register as a sex offender despite, according to Plaintiff, the underlying offense in Missouri having only required him to register until 2012 (although Missouri had placed him on the lifetime registry). Plaintiff alleges that the Commonwealth of Kentucky failed to notify him of the expiration of the legal requirement to register with the Sex Offender Registry "or provide a removal process" from the Sex Offender Registry thus creating the false appearance of an ongoing legal obligation.

Plaintiff further alleges that in 2023 Defendant Harris incorrectly entered Plaintiff's address, which he states would have been automatically rejected as an undeliverable address by the "KOMS" system, thereby generating an "invalid address" or "address not found" warning; that Defendant Harris "bypassed or manually overrode the system's validation safeguards to force the entry of the non-existent address;" that a "supervisor approval or override log exists documenting the forced acceptance of the invalid address;" and then "Kentucky's internal systems recorded the false address and disseminated it to the Kentucky State Police Registry." He alleges that Defendant Harris swore in an affidavit that Plaintiff knowingly provided false information which caused Judge Jones to sign a warrant for his arrest. He further alleges that Defendant Redwine likewise swore to a false affidavit also causing the issuance of a warrant.

Plaintiff also alleges that he was stopped and arrested on the "false" warrant in Tennessee in October 2025. According to Plaintiff's affidavit attached to his complaint, Plaintiff was transferred on October 20, 2025, from Tennessee to the McCracken County Jail where he had to sleep on the floor, was exposed to gang activity and threats, and denied the ability to communicate with his family. On October 27, 2025, he posted a $2,000 cash bond and was released. The Kentucky charges against him were dismissed on November 6, 2025, when Defendant Harris admitted his error in imputing the wrong address.

Plaintiff alleges municipal liability claims against the McCracken County Jail in regard to policies or customs of overcrowding, inadequate bedding, failure to protect inmates from violence, denial of communication, and ignoring his medical needs.

Plaintiff also alleges a claim against Kentucky Probation and Parole for their policies, customs, and failure to train its employees regarding Kentucky's Sex Offender Registry. He further alleges a claim against the Kentucky State Police, the entity which employs the Trooper

Defendants, for its policies, customs, and failure to train its employees not to rely on a false warrant.[1] He brings his claims under 42 U.S.C. 1983 and Kentucky's false-imprisonment and conditions-of-confinement laws.

As relief, Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings

[1] The Kentucky State Police is not a named Defendant in the caption of the complaint.

drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

## III. ANALYSIS

### A. Official-Capacity Claims and Claim against Kentucky Probation and Parole

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants Redwine, Bloodworth, Harris, and Judge Jones are state employees. *See*, *e.g.*, *Quarles v. Beard*, No. 1:25-CV-P140-CRS, 2025 WL 2977637, at *2 (W.D. Ky. Oct. 17, 2025); *Ludwiczak v. Castlen*, No. 4:25-CV-P12-JHM, 2025 WL 1671899, at *2 (W.D. Ky. June 12, 2025). Claims against state entities and state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State agencies and officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, in as much as Plaintiff seeks damages from a state entity or employee in his official capacity, Plaintiff fails to allege a cognizable claim under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against a state entity and state employees sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants Redwine, Bloodworth, Harris, Judge Jones, and Kentucky Probation and Parole for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

**B. Individual-capacity Claims**

*1. Claims against Judge*

Plaintiff sues Judge Jones in his official capacity claiming only that he relied on false affidavits to issue a warrant for his arrest. As stated above, that claim will be dismissed.

"Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014). Here, amendment to bring an individual-capacity claim against Judge Jones would be futile because a judge is entitled to absolute immunity from suits for money damages for all actions taken in his judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). The absolute immunity accorded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief. *Mireles,* 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Thus, because Plaintiff's complaint pertains only to actions or inactions taken by Judge Jones in his judicial capacity, an individual-capacity claim against him also would be barred by judicial immunity.

*2. McCracken County Jail Conditions*

Plaintiff alleges that his Eighth Amendment rights were violated when he was placed in a 20-man tank with 50 other inmates; he was forced to sleep under the stairs with a mat but no bed; and he was "exposed to gang threats and violence." He alleges that he suffered pain in his back, neck, and legs from "sleeping on concrete floors with standing water."[2] He also alleges that he was denied communication with his family.

[2] Although he states that he attaches grievance and medical records, none are attached.

It is the Fourteenth Amendment which applies to conditions-of-confinement claims brought by pretrial detainees such as Plaintiff while he was at the McCracken County Jail. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398-402 (2015)). A prisoner must satisfy a two-prong test by demonstrating that (1) the deprivation alleged is sufficiently serious (the objective prong); and (2) the official responsible for the deprivation exhibited deliberate indifference to the prisoner's health or safety (the subjective prong). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).[3]

To satisfy the objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Contemporary standards of decency determine whether conditions of confinement meet this standard. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). As set forth below, the Court finds that each of Plaintiff's allegations with regard to his conditions of confinement fails to satisfy the objective prong of this standard.

First, "overcrowding is not, in itself, a constitutional violation," and Plaintiff has not alleged that overcrowded conditions "resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Rhodes*, 452 U.S. at 345–48.

---

[3] Although, after *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit interpreted the Supreme Court's decision in *Kingsley* to require modification of the subjective prong of this test for pretrial detainees, *id.* at 596, the Sixth Circuit has now issued an *en banc* decision holding that "*Farmer*'s deliberate-indifference standard remains the proper measure for evaluating conditions-of-confinement claims. . . ." *Poynter by & through Fernandez v. Shirley*, No. 25-5188, 2026 WL 2641092, at *6 (6th Cir. Sept. 8, 2026).

Second, Plaintiff's allegation that he was forced to sleep on a mat on the floor is not an "extreme deprivation." *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing inmates to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Edwards v. Warren Cnty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 WL 445115, at *4 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed"). Moreover, although Plaintiff alleges that sleeping on a mat caused him back, leg, and neck pain, this lone assertion fails to show that he was incarcerated "under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *see, e.g.*, *Brandewie v. Maglinger*, No. 4:25-CV-5-JHM, 2025 WL 1062480, at *3 (W.D. Ky. Apr. 8, 2025) (allegation that jail's overcrowding resulted in prisoner sleeping on a mat, causing him back and neck pain, and being frequently sick, because he must lay so close to other inmates also sleeping on mats on the floor failed to state a claim).

Third, Plaintiff's reference to being "exposed" to gang threats and violence is entirely too generalized to rise to the level of a constitutional violation. For example, courts have concluded that a plaintiff could not satisfy the objective element relying solely on "vague, unspecific verbal threats from [the attacker's] unidentified affiliates[,]" *Price v. Ohio Dep't of Rehab. & Corr.*, 649 F. Supp. 3d 598, 607 (S.D. Ohio 2023), nor could a plaintiff satisfy the objective element when he expressed that he had "a general concern" of being attacked but did not identify "any particular gang members whom [he] feared" even when the inmate was eventually attacked. *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001).

Plaintiff also alleges that he was denied the ability to communicate with his family but provides no supporting facts. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *Twombly*, 550 U.S. at 555.

Furthermore, the duration of his stay at the McCracken County Jail was brief, only seven days. The Court notes that "[c]onditions of confinement that are temporary in nature rarely rise to a level that implicates constitutional concern." *Bonds v. Lindamood*, No. 1:16-0085, 2018 WL 817229, at *4 (M.D. Tenn. Jan. 16, 2018) ("Plaintiff was held in administrative segregation for only seven days, and any exposure he had to objectionable conditions was brief and temporary.") (citing *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978)), *report and recommendation adopted*, 2018 WL 813162 (M.D. Tenn. Feb. 9, 2018).

The Court will dismiss Plaintiff's conditions-of-confinement claims for failure to state a claim upon which relief may be granted.

*3. Municipal Liability Claims*

McCracken County Jail is not an entity subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000). In this situation, McCracken County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). When a § 1983 claim is made against a municipality such as McCracken County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for

a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Because Plaintiff does not allege conditions of confinement which violated his constitutional rights, his municipal liability claims necessarily fail.

*4. Defendants Redwine, Bloodworth, and Harris*

Plaintiff alleges that Defendant Redwine knowingly provided false information in his affidavit dated September 19, 2025. He also alleges that Defendant Redwine relied on the false information in the Sex Offender Registry "without verifying the underlying facts." According to Plaintiff, Defendant Bloodworth executed the warrant without verifying its validity and then transferred Plaintiff to the McCracken County Jail. Plaintiff alleges that Defendant Harris entered Plaintiff's address incorrectly into the Kentucky Sex Offender Registry and later admitted that an error occurred when entering Plaintiff's information on November 6, 2025, prompting the court to dismiss the charges against Plaintiff. Plaintiff alleges that these claims, as well as his assertion that the Commonwealth "failed to notify [him] of [the] expiration or provide a removal process," violated his due-process rights and as well as Kentucky's law on false imprisonment. He also alleges that Defendant Redwine and Bloodworth unreasonably seized and falsely arrested him, thereby violating the Fourth Amendment.

"When a plaintiff is arrested pursuant to a warrant, the plaintiff must show 'that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause.'" *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to § 1983 when evidence exists that a defendant

intentionally misled or omitted information at a probable cause hearing for an arrest if the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Deyton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). The Court accepts for purposes of this initial review that whether Plaintiff provided a false address to the Sex Offender Registry would be necessary for finding probable cause and will allow Plaintiff's claims for due process and false arrest under the Fourth Amendment and Kentucky false imprisonment law to continue.

**IV.**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against all Defendants in their official capacities as well as his claims against McCracken Circuit Court Judge Todd S. Jones, Kentucky Probation and Parole, and McCracken County Jail Officials are **DISMISSED** for failure to state a claim and for immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**IT IS FURTHER ORDERED** that Plaintiff's state-law claim for conditions of his confinement are **DISMISSED without prejudice** pursuant 28 U.S.C. § 1367(c)(3).

The individual-capacity claims against Derral Gene Redwine, T. Bloodworth, and Ricky Harris for alleged violations of Plaintiff's right to due process and for false arrest under the Fourth Amendment and Kentucky false imprisonment law will continue.

In allowing these claims to proceed, the Court passes no judgment on the ultimate merit of the claims.

The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims.

**The Clerk is DIRECTED to terminate** McCracken Circuit Court Judge Todd S. Jones, Kentucky Probation and Parole, and McCracken County Jail Officials as parties to this action.

Date: September 17, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009